UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES FOR THE USE
AND BENEFIT OF PHOENIX
METALS COMPANY,

    Plaintiff,

v.                                      Case No. 2:20-cv-148-FtM-38NPM

WORTHFAB, LLC

    Defendant.

## REPORT AND RECOMMENDATION[1]

Before the Court is Plaintiff's Renewed Motion for Default Judgment Against Defendant Worthfab LLC (Doc. 30). No response was filed to the motion and the response time has lapsed. For the following reasons, the Court recommends the motion be granted.

Plaintiff Phoenix Metals Company's Complaint raises a Breach of Contract claim (Count II) against Worthfab. (Doc. 1). Plaintiff obtained a Clerk's Default against Worthfab on April 30, 2020. (Docs. 23, 24). Now, Plaintiff seeks a default judgment against Worthfab.

---

[1] Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this document.

"When a defendant has failed to plead or defend, a district court may enter judgment by default. Fed. R. Civ. P. 55(b)(2). Because of our 'strong policy of determining cases on their merits,' however, default judgments are generally disfavored." *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1244-45 (11th Cir. 2015). Entry of a default judgment is warranted only when there is a sufficient basis in the pleadings for judgment to be entered. *Id.* at 1245.

A sufficient basis is akin to facts sufficient to survive a motion to dismiss for failure to state a claim. *Id.* So, when evaluating the sufficiency of the alleged facts, the Court looks to whether the complaint contains sufficient factual matter that, when accepted as true, states a claim for relief that is plausible on its face. *Id.* A defaulted defendant is deemed to admit all well-pleaded allegations of fact but is not held to admit facts not well-pleaded or to admit conclusions of law. *U.S. Bank, N.A. as trustee for LSF8 Master Participation Tr. v. Tobin*, 754 F. App'x 843, 845 (11th Cir. 2018) (citing *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1245 (11th Cir. 2015)).

On July 7, 2020, the Court found Plaintiff's first Motion for Default Judgment (Doc. 25) insufficient because Plaintiff did not discuss the elements for the claim, provide citations to authority as to the elements, or support each element by pinpoint citation to the factual allegations in the Complaint (similar to mounting a defense against a motion to dismiss). (Doc. 28). Therefore, the Court denied Plaintiff's motion (Doc. 25) without prejudice to allow Plaintiff the opportunity to file a renewed motion. (Doc. 28).

In its renewed motion, Plaintiff provided the elements and authority for its breach of contract claim. To assert a claim for breach of contract, Plaintiff must show "(1) the existence of a contract, (2) a breach of the contract, and (3) damages resulting from the breach." *Rollins, Inc. v. Butland*, 951 So. 2d 860, 876 (Fla. Dist. Ct. App. 2006); *see Greaney v. Lake Austin Properties I, Ltd.*, No. 6:11-cv-1984-ORL-22KRS, 2012 WL 13103149, *2 (M.D. Fla. Aug. 6, 2012). Plaintiff "must also prove performance of its obligations under the contract or a legal excuse for its nonperformance." *Rollins*, 951 So. 2d at 876.

On or about June 13, 2019, Worthfab entered into a contract with Plaintiff wherein Plaintiff agreed to supply structural and miscellaneous steel to be used and incorporated into the Herbert Hoover Dike Rehabilitation Project HP-6 (the "Project"). The contract was initiated with a purchase order from Worthfab. The credit application, purchase orders and invoices represented the agreement for the furnishing of materials for the Project. (Doc. 1, ¶¶ 11, 13; Doc. 1-1; Doc. 25-1). Plaintiff furnished the materials for the Project to Worthfab, the last of which was furnished on or about July 2, 2019. (Doc. 1, ¶ 14).

Pursuant to the parties' agreement, Worthfab agreed to pay Plaintiff for the materials ordered on behalf of Thalle Construction and Usace. Despite demands, Worthfab did not pay the $69,738.08 sum that was due. (Doc. 1, ¶¶ 30-31). On or about September 27, 2019, Plaintiff served a notice of nonpayment and demand for a copy of the applicable bond upon Usace, Thalle Construction, and Worthfab. (Doc 1, ¶ 15; Doc. 1-2). After repeated requests for a copy of the applicable payment

bond, Usace furnished a copy of the bond. (Doc 1, ¶ 16; Doc. 1-3). Plaintiff furnished all the materials for the Project, which Usace, Thalle Construction, and Worthfab all accepted, and Plaintiff performed all conditions precedent to the agreement. (Doc. 1, ¶¶ 17-18).

An Affidavit of Plaintiff's Corporate Credit Manager, Frank Cook, affirms the existence of the contract, that Worthfab breached the contract, and that since the institution of this action, Thalle Construction has paid $62,764.27. (Doc. 25-1). Plaintiff requests the remaining balance of $6,973.81 in addition to incurred costs of $625, consisting of the $400 filing fee and $225 service of process fee. (Docs. 25-1, 30).

Rule 54 provides: "[u]nless a federal statute, these rules, or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). Furthermore, filing fees are taxable costs. 28 U.S.C. § 1920(1). And the Eleventh Circuit has held § 1920 in conjunction with § 1921 authorizes courts to tax costs for private process servers' fees. *U.S. E.E.O.C. v. W & O, Inc.*, 213 F.3d 600, 623-624 (11th Cir. 2000). Therefore, the Court recommends taxing $625.00 as costs. The Court also recommends granting Plaintiff post-judgment interest at the rate established by 28 U.S.C. § 1961. *See Shandong Airlines Co. v. CAPT, LLC*, 650 F. Supp. 2d 1202, 1208 (M.D. Fla. 2009) (granting post-judgment interest on default judgment for breach of contract claim).

4

Plaintiff has pleaded plausible facts showing that Worthfab breached the contract for failing to pay for the materials supplied by Plaintiff, which caused damage to Plaintiff. Therefore, the Court finds a sufficient basis in the pleadings for a default judgment against Worthfab for a breach of contract.

Accordingly, it is **RESPECTFULLY RECOMMENDED**:

1) Plaintiff's Motion for Default Judgment (Doc. 30) be **GRANTED** and a default judgment be entered on Count II (Breach of Contract) against Worthfab, LLC for $6,973.81, plus post-judgment interest accruing at the legal rate established by 28 U.S.C. § 1961, and costs to be taxed in the amount of $625.00.

Respectfully recommended in Chambers in Fort Myers, Florida on October 15, 2020.

_____
NICHOLAS P. MIZELL
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1. **To expedite resolution, parties may file a joint notice waiving the 14-day objection period.**